UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GERALD A. ROGERS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No.: 3:15-CV-565-PLR-CCS |
| | ) |
| STEVE GRAVES, SHERIFF, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This is a pro se petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.[1] Now before the Court is a motion to dismiss for failure to exhaust state remedies filed by Respondent [Doc. 4]. Petitioner has not responded to Respondent's motion to dismiss and the time for him to do so has passed. E.D. TN. LR 7.1(a). Accordingly, Petitioner has waived his opposition to this dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.* 577 F.2d 740 (6th Cir. 1978); E.D. TN. LR 7.2. Also before the Court is a motion to appoint counsel filed by Petitioner [Doc. 7]. For the reasons set forth below, Respondent's motion to dismiss [Doc. 4] will be **GRANTED** and this action will be **DISMISSED without prejudice** for failure to exhaust state court remedies. Accordingly, Petitioner's motion to appoint counsel [Doc. 7] will be **DENIED as moot**.

In his § 2241 petition, Petitioner seeks pretrial habeas corpus relief on the grounds that he has been wrongly accused of and/or framed for possession of child pornography and, therefore,

---

[1] In its previous order, the Court inadvertently referred to the habeas petition as filed under § 2254 [Doc. 3 p. 1]. As the petition was filed on a § 2241 form and it is a pretrial petition for habeas corpus relief relating to charges against Petitioner in state court, *see Atkins v. People of State of Mich.*, 644 F.2d 543, 546 (6th Cir. 2981), the Court's previous order [Doc. 3] is hereby **AMENDED** to state that this is an action for habeas relief filed under 28 U.S.C. § 2241.

wrongly indicted and imprisoned for such charges [Doc. 1]. In his motion to dismiss this habeas corpus petition, Respondent asserts, *inter alia*, as follows: (1) that on March 19, 2015, Petitioner was arrested pursuant to a General Sessions warrant after a search of Petitioner's premises resulted in the discovery of multiple items of child pornography; (2) that on March 24, 2015, Petitioner was arraigned in General Sessions Court; (3) that on December 15, 2015, the General Sessions court conducted a preliminary hearing; (4) that the matter was then presented to a grand jury; (5) that in January 2016, the grand jury returned an indictment for twenty counts of sexual exploitation of a minor against Petitioner; and (6) that on January 27, 2016, Petitioner was arraigned for those charges in Circuit Court [Doc. 4 p. 1–3]. State court documents supporting these assertions are attached as an exhibit to Respondent's motion to dismiss [Doc. 4-1]. Accordingly, Respondent states that Petitioner has clearly not exhausted his state remedies and therefore requests dismissal of the petition for pretrial habeas corpus relief [Doc. 4 p. 3].

Under Sixth Circuit law, federal courts should abstain from exercising jurisdictions over pretrial habeas corpus petitions "if the issues raised in the petition may be resolved either by a trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. People of State of Mich.*, 644 F.2d 543, 546 (6th Cir. 1981). Such "[a]bstention . . . is justified by the doctrine of comity, a recognition of the concurrent jurisdiction created by our federal system of government in the separate state and national sovereignties." *Id.* Courts have recognized exceptions to this rule of abstention for extraordinary circumstances, such as double jeopardy and "certain speedy trial claims." *Id.*; *Humphrey v. Plummer*, 840 F. Supp. 2d 1040, 1043 (S.D. Ohio Dec. 9, 2011).

As it is apparent that Petitioner has not exhausted the arguments in his pretrial habeas corpus petition in the state court and there is nothing in the record to suggest that any

2

extraordinary circumstances exist, dismissal of this action is appropriate. *Smith v. Coleman*, 521 Fed. App'x 444, 451 (6th Cir. 2013) (affirming dismissal of a habeas claim for failure to exhaust the arguments therein in state court).

The Court must now decide whether to grant Petitioner a certificate of appealability ("COA"). A COA should issue where a petitioner makes a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This motion is being dismissed because Petitioner has not exhausted his state remedies as to the claims in his § 2241 petition, a procedural ground. Reasonable jurists could not find that this dismissal is debatable or wrong. Accordingly, a certificate of appealability shall not issue.

For the reasons set forth above, Respondent's motion to dismiss for failure to exhaust state remedies [Doc. 4] will therefore be **GRANTED** and this action will be **DISMISSED without prejudice**. Petitioner's motion to appoint counsel [Doc. 7] will therefore be **DENIED as moot**.

**AN APPROPRIATE ORDER WILL ENTER**.

**E N T E R :**

*/s/ Pamela L. Reeves*
**UNITED STATES DISTRICT JUDGE**